UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WBCMT 2007-C33 OFFICE 7870, LLC,            Case No.: 1:14-CV-588

        Plaintiff,                                Judge Michael R. Barrett

       v.

BREAKWATER EQUITY PARTNERS
LLC, *et al.*,

        Defendants.

**OPINION AND ORDER**

This matter is before the Court on Plaintiff WBMCT 2007-C33 Office 7870, LLC's ("Plaintiff") Motion to Remand and Memorandum in Support.  (Doc. 7).  Defendant Breakwater Equity Partners, LLC ("Breakwater") has filed a response in opposition in which it requests oral argument (Doc. 15), and Plaintiff has filed a reply (Doc. 17).  On November 10, 2014, the Court heard oral arguments on the issues presented.  This matter is now ripe for review.

**I.**      **BACKGROUND**

On June 7, 2013, Plaintiff filed a Complaint for Breach of Contract, Money Judgment, and Foreclosure of Commercial Mortgage ("Complaint") in the Hamilton County, Ohio Court of Common Pleas commencing an action against twenty-one tenant-in-common entities ("Borrowers") for breach of contract and foreclosure, and against Robert A. Goering, in his capacity as Hamilton County Treasurer ("Treasurer") (collectively, the "original defendants"). All of the original defendants were Delaware limited liability companies registered to do business in Ohio that owned in fee simple absolute, *inter alia*, the land, improvements, appurtenances, fixtures in the subject Real Estate and the Personal Property.  Plaintiff, an Ohio

1

registered limited liability company, is the owner and holder of all of the Loan Documents described in the Complaint and the Amended Complaint.

On July 16, 2013, the state trial court entered an Order Appointing Receiver in which it appointed the Receiver over the subject Real Estate and Personal Property.

On January 16, 2014, Borrowers and Plaintiff filed the Partial Agreed Judgment and Decree of Foreclosure in which the Borrowers agreed to a judgment for breach of contract and foreclosure of the Real Estate and Personal Property. Contemporaneously, Borrowers and Plaintiff entered into a Settlement Agreement in which the Borrowers agreed to return to Plaintiff $650,000.00 of the Transferred Funds, which together with the Partial Agreed Judgment, resolved the issues between Borrowers and Plaintiff.

On February 14, 2014, a Praecipe for Order of Sale and Order of Sale was issued for the sale of the Real Estate and Personal Property by the Hamilton County Sheriff at the sheriff's sale. On April 17, 2014, the Real Estate and Personal Property were sold at Sheriff's Sale and the Order of Sale was returned to the court.

On May 9, 2014, Plaintiff filed a Motion to File Amended Complaint to name Breakwater Equity Partners, LLC, Anthony Thompson, Thompson National Properties, LLC ("TNP"), and TNPPM Kemper Pointe, LLC ("TNPPM") (collectively, the "new Defendants") relating to funds that the Borrowers and other new Defendants transferred to Breakwater in 2012 and 2013.

On June 10, 2014, the court issued an order confirming the Sheriff's Sale and ordering the deed. On that same date, the state trial court entered an Order Granting Plaintiff's Motion for Leave to File Amended Complaint, and Plaintiff thereafter filed the Amended Complaint asserting claims against the new Defendants for conversion, fraudulent conveyance, unjust

enrichment and breach of indemnity agreement ("Amended Complaint"). On July 9, 2014, the court issued the Order of Distribution and transfer of the Sheriff's deed to the Purchaser. On July 17, 2014, the new Defendants filed the Notice of Removal in the state trial court.

## II.     OVERVIEW OF PARTIES' ARGUMENTS

Plaintiff seeks to remand the case because (1) the new Defendants have failed to obtain the consent of all of the defendants in the state trial court action; (2) the Court lacks subject matter jurisdiction due to the lack of complete diversity of the parties (i.e., the Hamilton County Treasurer is named as a Defendant in the original action); (3) the new Defendants have removed after the one-year deadline set forth in 28 U.S.C. § 1446(c) for removal of an action; and (4) the history and complexity of the case requires the Court to remand the case to the state trial court. Plaintiff also requests attorney's fees and costs.

Breakwater disputes all four arguments made by Plaintiff. Breakwater argues that (1) all of the requisite defendants consented to removal because the Amended Complaint names only the four new Defendants and the issues with the original defendants have been resolved; (2) that complete diversity exists because the Amended Complaint does not name the Hamilton County Treasurer as a party; (3) that its removal twenty-eight days after service of the Amended Complaint is timely because (a) the principal purpose of the suit is directed at the four new Defendants and the Hamilton County Treasurer's interests are aligned with Plaintiff's rather than Defendants' interests, (b) the Hamilton County Treasurer was fraudulently joined because Plaintiff had no actual claim against the Hamilton County Treasurer in the original complaint and the Ohio Revised Code indicates that the Hamilton County Treasurer was not a necessary party (*see, e.g.* Ohio Rev. Code §§ 323.47, 2329.191), and (c) Plaintiff's fraudulent joinder of the Hamilton County Treasurer and its delay in naming the four new Defendants prevented the new

3

Defendants' removal of the case and amounts to bad faith; and (5) this Court is able to administer this case. Breakwater further denies that Plaintiff is entitled to attorney's fees and costs.

In the reply, Plaintiff counters that the one-year rule under 28 U.S.C. § 1446(b)(3) bars the removal. Plaintiff contends that the complaint was not removable at the time it was originally filed, and that the notice of removal filed by the four new Defendants occurred more than a month after the one-year deadline. Plaintiff disagrees with Breakwater's arguments as to why the one-year rule does not apply, arguing that (1) there originally was not complete diversity because the Hamilton County Treasurer was named in the original complaint; (2) that the principal purpose of the Amended Complaint is irrelevant for the one-year analysis; (3) that the fraudulent joinder exception does not apply because Ohio law required Plaintiff to name the Hamilton County Treasurer as a party-defendant in the Complaint (*see, e.g.,* Ohio Rev. Code §§ 323.11, 2329.192); (4) that Plaintiff did not act in bad faith by delaying its filing of the Amended Complaint because the case was not removable previously; and (4) that the history of the action supports remand. Plaintiff also reiterates its request for attorney's fees and costs.

### III.  RELEVANT LEGAL STANDARDS

A federal district court has original jurisdiction over controversies between citizens of different states. 28 U.S.C. § 1332(a). Where a civil action between diverse parties originally is brought in state court, it generally may be removed to federal district court pursuant to 28 U.S.C. § 1441. Under § 1441(b), a civil action is not properly removed on the basis of diversity of citizenship where any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought. 28 U.S.C. § 1441(b). In other words, to properly remove an action based on diversity jurisdiction, there must be complete diversity

between the parties. *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 389-91 (1998); *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999). The party seeking removal has the burden of establishing the existence of diversity jurisdiction. *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 916 (6th Cir. 2007) (citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006)); *Coyne*, 183 F.3d at 493.

Nevertheless, the "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *Coyne*, 183 F.3d at 493. "To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Id.* "[I]f there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court." *Id.* "The district court must resolve all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the non-removing party." *Id.* (internal quotations omitted). Likewise, "[a]ll doubts as to the propriety of removal are resolved in favor of remand." *Id*. As such, the burden on the removing party is a heavy one. *Kent State Univ. Bd. of Trs. v. Lexington Ins. Co.*, 512 F. App'x 485, 489-90 (6th Cir. Jan. 22, 2013) (citing *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 674 (7th Cir. 2009); *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004); *Hartley v. CSX Transp.*, 187 F.3d 422, 424 (4th Cir. 1999)).

If the case initially is not removable under the above standards, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b)(3). Removal based upon diversity jurisdiction may not be sought, however, more than one-year after

5

commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action. 28 U.S.C. § 1446(c)(1).

## IV. ANALYSIS

### A. Remand

In this matter, the Court concludes that the one-year time limit set forth in § 1446(c)(1) bars removal. In reaching that conclusion, the Court considers: (1) the removability of the case at the time of the original pleading, (2) the removability of the case at the time of the amended pleading on the basis of diversity jurisdiction; and (3) the timeliness of removal and bad faith.

#### 1. Removability based on original pleading

In the original complaint, Plaintiff, an Ohio limited liability company, sued twenty-one Delaware limited liability companies registered to do business in Ohio[1] and the Hamilton County, Ohio Treasurer. The parties dispute whether complete diversity existed at that time, with Plaintiff claiming that the Hamilton County Treasurer precluded a finding of complete diversity and with Defendant claiming that the Hamilton County Treasurer was fraudulently joined or should be realigned as a party-plaintiff for the purposes of determining whether complete diversity existed.

Having considered the arguments, the Court concludes that the Hamilton County Treasurer was properly named as a defendant in the original pleading such that the case was not removable based upon the original complaint.

##### a. Fraudulent Joinder

---

[1] It is noted that a limited liability company is not treated as a corporation and instead has the citizenship of its members. *See Homfeld II, LLC v. Comair Holdings, Inc.*, 53 F. App'x 731, 732 (6th Cir. 2002); *Citizens Bank v. Plasticware, LLC*, 830 F. Supp. 2d 321, 325 (E.D. Ky. 2011). Although it is not clear whether any of the members of those Delaware limited liability companies were citizens of Ohio, the Court assumes for the purposes of this opinion that they were not citizens of Ohio given that neither party has raised that issue in the briefings.

While "[t]here is no prescribed formula for determining whether a party is indispensable[,] . . . all parties who have an interest in the controversy of such a nature that a final decree cannot be made without affecting that interest, or without leaving the controversy in such condition that its final determination may be wholly inconsistent with equity and good conscience, are considered indispensable." *State ex rel. Ackerman*, No. 1:13-cv-80, 2013 U.S. Dist. LEXIS 94717, at *9 (S.D. Ohio July 8, 2013) (internal quotations omitted) (citing *Soberay Mach. & Equip. Co. v. MRF Ltd.*, 181 F.3d 759, 765 (6th Cir. 1999); *Niles-Bement-Pond Co. v. Iron Moulders Union*, 254 U.S. 77, 80, 41 S. Ct. 39, 65 L. Ed. 145 (1920)). In Ohio, "[a]ll parties who have any title, right, or interest in real estate, are necessary parties in a foreclosure action." *Davet v. Sensenbrenner*, No. 98636, 2012 Ohio App. LEXIS 5081, at *10 (8th Dist. Dec. 13, 2012) (citing *State ex rel. Squire v. Kofron*, 58 Ohio App. 65 (8th Dist. 1937); *Hembree v. Mid-America Fed. Sav. & Loan Ass'n*, 64 Ohio App. 3d 144, 152 (2d Dist. 1989)). Consistent with that principle, Ohio law provides that a party seeking a judicial sale of real property "shall include the state lienholder as a party defendant" unless the lien has not been recorded. Ohio Rev. Code § 2329.192(B)(1). A state tax lien for real property attaches to real property subject to such taxes on the first day of January, annually, until such taxes are paid. Ohio Rev. Code § 323.11. Several federal district courts in Ohio have determined that a county treasurer is a necessary party to a foreclosure action because he or she had an interest in the mortgaged property located in the county. *Fifth Third Bank v. U.S. Golf & Sport Ctrs., Inc.*, No. 3:10 CV 2451, 2011 U.S. Dist. LEXIS 83826, at *4-6 (N.D. Ohio Aug. 1, 2011); *Countrywide Home Loans, Inc. v. Bartmasser*, No. 2:08-CV-805, 2008 U.S. Dist. LEXIS 84827, at *3-4 (S.D. Ohio Oct. 22, 2008) (citing *Huntington Nat'l Bank v. Ross*, 130 Ohio App. 3d 687, 693 (Ohio App. 1998)).[2]

---

[2] Some Ohio courts have adopted local rules concerning whether a county treasurer should be named in a

In light of the foregoing, the Court concludes that the Treasurer was not fraudulently joined in the original complaint. The Treasurer plainly has an interest in the Real Property at issue as well as in the foreclosure, and he filed an answer in the original action to protect his interest in this matter. (*See* Doc. 7-2, PageID 208). While there also may be some statutory protections provided to the county treasurer, the existence of such statutory protections does not mean that his inclusion in a case is fraudulent. Further, the statutory provisions suggest and it is, in the Court's view, not improbable that the Treasurer who holds a lien on same Real Property as Plaintiff upon which Plaintiff seeks to foreclose could have a claim or defense based upon the Real Property that is adverse to the interest of Plaintiff. To the extent the state law is unclear or ambiguous on this issue, the Court resolves the question in favor of Plaintiff.

b. Realignment of the Treasurer as a Plaintiff

Breakwater appears to contend that the Treasurer should be realigned as a plaintiff because his interest is consistent with Plaintiff's interest in the Real Property.[3] The Court disagrees.

The Sixth Circuit has held that "the courts, not the parties, are responsible for aligning the parties according to their interests in the litigation." *U.S. Fidelity & Guaranty Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992). "If the interests of a party named as a defendant coincide with those of the plaintiff in relation to the purpose of the lawsuit, the named defendant must be realigned as a plaintiff for jurisdictional purposes." *Id.*

---

foreclosure action. For example, the Trumbull County Court of Common Pleas' local rules provide that a country treasurer is a necessary party-defendant. In contrast, Butler County's local rules prohibit the treasurer from being named as a party-defendant unless there is a dispute regarding the amount or validity of the real estate taxes. Hamilton County does not have a local rule addressing that issue.

[3] Breakwater actually appears to make this argument in regards to the Amended Complaint. Because the Court finds it immaterial in regards to the Amended Complaint, it will consider the issue here instead.

District courts have been willing to realign the county treasurer in some instances where its interests are not adverse to the plaintiff's with respect to the substantive issues raised by the primary purpose of the complaint. *See, e.g.*, *City of Cincinnati v. Deutsche Bank National Trust Co.*, No. 1:12-cv-104, 2012 U.S. Dist. LEXIS 61163, at *13-18 (S.D. Ohio May 2, 2012). For example, in *City of Cincinnati*, the plaintiff brought a lawsuit against two banks, several related entities and the Treasurer of Hamilton County, Ohio for damages under sections of the Cincinnati Municipal Code, violations of state statutory and common law on public nuisance, intentional interference with the City's fiduciary responsibilities to its citizens, and punitive damages. *Id.* at *3. Upon removal, the plaintiff sought to have the case remanded to state court. *Id.* The defendants sought realignment of the county treasurer as a co-plaintiff. *Id.* at *8. In concluding that the county treasurer should be realigned as a co-plaintiff, the district court recognized that "an Ohio nuisance complainant is required to serve all 'interested parties,' specifically defined as 'any owner, mortgagee, lienholder, tenant or person that possesses an interest of record in any property that becomes subject to the jurisdiction of a court . . . .'" *Id.* at *10 (citing Ohio Rev. Code § 3767.41(A)(4)). It determined, however, that the treasurer's interests in any assessments or liens on the properties were ancillary to the primary controversy – the nuisance claim. *Id.* at *15-18. Given that the interests of the treasurer and the plaintiff were aligned in regards to abating the nuisance, the district court determined that the treasurer should be realigned as a co-plaintiff. *Id.* at *16-17.

However, the Eastern District of Kentucky was unwilling to realign parties where the primary issue in dispute was the foreclosure of the property, and namely, the existence, validity, and superiority of the liens. *Citizens Bank v. Plasticware, LLC*, 830 F. Supp. 2d 321, 327 (E.D.

9

Ky. 2011). The district court made the decision after determining that in such an action the plaintiff and another lienholder's interests were adverse to one another. *Id.*[4]

Here, in determining whether the Treasurer should be realigned as a co-plaintiff, the Court must consider the primary purpose of the lawsuit and whether the plaintiff and the Treasurer's interests are adverse to one another. *Id.* The parties do not appear to dispute that the original lawsuit sought the foreclosure of the Real Property at issue. For Plaintiff, that meant establishing the validity and the priority of its lien, as well as its right to foreclose on the property. The interest of the Treasurer is not necessarily directly aligned, as the Treasurer may dispute the validity or priority of Plaintiff's lien or assert a claim to real estate taxes that is disputed by Plaintiff. It thus is no surprise that courts repeatedly have aligned the Treasurer as a defendant in foreclosure proceedings. *See Fifth Third Bank*, 2011 U.S. Dist. LEXIS 83826, at *4-6; *Countrywide Home Loans*, 2008 U.S. Dist. LEXIS 84827, at *3-4; Trumbull Cty. Local Rule 23.04 ("In all foreclosure actions under this Rule, it shall be necessary to name the Trumbull County Treasurer as a *Defendant*.") (emphasis added); *see also* Ohio Rev. Code § 2329.192 (aligning the state lienholder as a party-defendant in an action seeking the judicial sale of real estate that is subject to a state lien). Accordingly, the Court finds that realignment of the Treasurer as a co-plaintiff is unnecessary and improper in this instance.

### 2. Removability based on amended pleading

On June 12, 2014, Plaintiff filed the Amended Complaint in the Hamilton County, Ohio Court of Common Pleas. The Amended Complaint supersedes the original Complaint. *B & H Medical, LLC v. ABP Admin., Inc.*, 526 F.3d 257, 268 n.8 (citing *Drake v. City of Detroit*, 266 F. App'x 444 (6th Cir. 2008)); *Colwell v. Holiday Inn, Inc.*, No. 1:12cv661, 2014 U.S. Dist. LEXIS 92338, at *4 (S.D. Ohio July 8, 2014). The Amended Complaint names only the four new

---

[4] That case, however, did not involve the county treasurer.

Defendants in the action. It does not name the Hamilton County Treasurer or any of the original Defendants. All of the four new Defendants are foreign companies. There is no indication any of them would be non-diverse to Plaintiff. The Amended Complaint thus creates complete diversity jurisdiction upon which removal could be based under 28 U.S.C. § 1441.

### 3. Timeliness of Removal and Bad Faith

Even when an amended pleading makes a case newly removable based upon diversity jurisdiction, the defendant may not remove the case "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c). Plaintiff filed the original complaint in the state trial court on June 7, 2013. Breakwater did not file its notice of removal until July 17, 2014, which is more than one month after the one-year deadline. Thus, absent a showing of bad faith, the case may not be removed.

Breakwater argues that Plaintiff's fraudulent joinder of the Hamilton County Treasurer and its delay in adding the four new Defendants to the case demonstrates bad faith intended to prevent Defendants from removing the action. The Court disagrees. As discussed previously, the Court concludes that Plaintiff did not fraudulently join the Hamilton County Treasurer to the action. Even though the four new Defendants could have been added to the lawsuit while the Hamilton County Treasurer was still named as a defendant and still had an interest in the case, Defendants would not have been able to remove the case at that time due to a lack of complete diversity. Aside from arguing fraudulent joinder, Breakwater has not argued or demonstrated that it otherwise could have removed the case at any time prior to the expiration of the one-year deadline had it been named in the original complaint. Notably, the final Order Granting Distribution did not occur until July 9, 2014, at which time any interest of the Hamilton County

11

Treasurer was extinguished. Plaintiff, however, sought to amend the complaint to add the four new Defendants on May 9, 2014, which was prior to the Hamilton County Treasurer's interest being completely extinguished and prior to the expiration of the one-year deadline. The state trial court granted leave to amend on June 10, 2014. The timing of the events at issue, while unfortunate for the new Defendants, are insufficient to show bad faith on the part of Plaintiff.

Accordingly, the one-year time bar is applicable and Breakwater is precluded from removing the case to this Court pursuant to 28 U.S.C. § 1446(c)(1).

### B. Attorney's Fees and Costs

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Paul v. Kaiser Found. Health Plan*, 701 F.3d 514, 523 (6th Cir. 2012) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005)). "The objective reasonableness standard, however, does not require a showing that the defendant's position was 'frivolous' or 'without foundation.'" *Kent State Univ. Bd. of Trs. v. Lexington Ins. Co.*, 512 F. App'x 485, 489 (6th Cir. Jan. 22, 2013) (citing *Martin*, 546 U.S. at 138-39)). Rather, the "appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin*, 546 U.S. at 140.

In this matter, the Court finds that an award of attorneys' fees and costs is not appropriate. While Breakwater did not ultimately succeed in avoiding remand, its basis for removal was not objectively unreasonable, given the timing of the amended pleading, the new diversity created by

the amended pleading, and the new Defendants' well-supported arguments concerning the removability of the case based upon the initial pleading. Moreover, the Court finds no indication that Breakwater sought removal for the purposes of prolonging the litigation or imposing costs on the opposing party.

**V. CONCLUSION**

Consistent with the foregoing, Plaintiff's Motion to Remand (Doc. 7) is **GRANTED** as to the request to remand but **DENIED** as to the request to award attorney's fees and costs. Accordingly, this matter is hereby **REMANDED** to the Hamilton County Court of Common Pleas without an award to Plaintiff of attorney's fees and costs.

**IT IS SO ORDERED**.

                                            s/Michael R. Barrett
                                            JUDGE MICHAEL R. BARRETT
                                            UNITED STATES DISTRICT COURT